IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| BRIAN BLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | 1:10-CV-04424 |
| | ) | |
| DEKALB COUNTY SHERIFF'S OFFICE, | ) | Honorable Frederick Kapala |
| | ) | |
| | ) | Magistrate Michael Mahoney |
| Defendant. | ) | |
| | ) | |

## MOTION TO DISMISS

NOW COMES the DEKALB COUNTY SHERIFF'S OFFICE, by and through its attorneys, OTTOSEN BRITZ KELLY COOPER & GILBERT, LTD, and, pursuant to Federal Rules 12(b)(2) and 12(b)(6), files this Motion to Dismiss the Plaintiff's Complaint. In support of this Motion, the Defendant states as follows:

1. On October 15, 2010, Plaintiff, BRIAN BLOCK [hereinafter "Block"], filed a four (4) count Amended Complaint against ROGER SCOTT, in his official capacity as Sheriff of Dekalb County, JOYCE KLEIN, "in her official capacity as a Dekalb County Sheriff's Lieutenant, and DEKALB COUNTY, ILLINOIS alleging violations of the Americans with Disabilities Act and the Family and Medical Leave Act arising out of his termination from the Dekalb County Sheriff's Office on May 25, 2010. This Motion raises four (4) issues that require Block's Amended Complaint to be dismissed. The first issues concern Block's improper

1

addition of JOYCE KLEIN and DEKALB COUNTY as parties to this action. The second issue is that Block's federal claims continue to be barred by *res judicata*.

### A. Standard of Review

2. In reviewing a motion to dismiss, the court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *Barnes v. Briley,* 420 F.3d 673, 677 (7th Cir. 2005). However, "if the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief." *Thompson v. Ill. Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002)

3. On a Rule 12(b)(6) motion, a court generally is limited to the allegations in the complaint, any exhibits attached thereto, and supporting briefs. See *Thompson,* 300 F.3d at 753; *Rosenblum v. Travelbyus.com Ltd.,* 299 F.3d 657, 661 (7th Cir. 2002). A district court may consider matters of public record without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994); *United States v. Wood,* 925 F.2d 1580, 1582 (7th Cir. 1991) (in analyzing a motion to dismiss, "[t]he district court may also take judicial notice of matters of public record."). In addition, for the purposes of a Rule 12(b)(6) motion to dismiss, a court can consider documents "referred

to in the plaintiff's complaint" and "central to his claim." *Wright v. Assoc. Ins. Co., Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994) *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994); *see also Green v. Warden, U.S. Penitentiary,* 699 F.2d 364, 369 (7th Cir. 1983) (courts may take judicial notice of "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue"); Fed.R.Evid. 201(b).

**B. Joyce Klein is not an "employer" under the ADA.**

4. Block has amended his Complaint to add Joyce Klein "in her official capacity as a Dekalb County Sheriff's Lieutenant..." as a party to this action. (Amended Complaint, paras. 1 and 10)

5. Nowhere in Block's Amended Complaint does he allege that Joyce Klein is an "employer" as required for suit under the ADA.

6. By the plain language of Block's Amended Complaint, Ms. Klein is solely an employee of the Dekalb County Sheriff's Department.

7. An individual who does not independently meet the ADA's definition of "employer" cannot be held liable under the ADA in the making of employment decisions. *Stephens v. Kay Management Co., Inc.*, 907 F.Supp. 169 (E.D.Va.1995); *Fedor v. Illinois Dept. of Employment Sec.,* 955 F.Supp. 891 (N.D.Ill.1996); *Haltek v. Village of Park Forest*, 864 F.Supp. 802 (N.D.Ill.1994).

8. Therefore, Defendant Joyce Klein should be dismissed from Counts I, II and III.

3

### C. Joyce Klein and Dekalb County were not named in Block's EEOC charges.

9. Block's Amended Complaint adds Joyce Klein and Dekalb County as new Defendants in this case.

10. Block did not name Joyce Klein or Dekalb County in either of the charges of discrimination that he filed with the Equal Employment Opportunity Commission. (See Plaintiff's Amended Complaint, Exhibit A)

11. It is well established that a party not named in an EEOC charge may not later be sued under the federal discrimination laws. *See Olsen v. Marshall & Ilsley Corp.,* 267 F.3d 597, 604 (7th Cir. 2001); The reason for this practice being that the charge serves to notify the charged party of the alleged violation and also brings the party before the EEOC to allow the party to conciliate on its own behalf.

12. Failure to name a party during the administrative leg of this process deprives a party of notice of the alleged wrongdoing and the opportunity to respond and participate in the administrative process.

13. This requirement is jurisdictional.

14. Plaintiff's failure to name both Klein and Dekalb County in his charges of discrimination prohibits this Court from exercising jurisdiction over these parties in this cause of action.

15. Accordingly, Defendants Klein and Dekalb County must be dismissed from all counts of Block's Amended Complaint.

### D. Dekalb County was not Block's employer.

16. Block pleads in his Amended Complaint that he is "...a disabled former Deputy Sheriff of Dekalb County Sheriff's Office" and lists his employment as a "Deputy Sheriff for the Dekalb County Sheriff." (Amended Complaint, paras. 20-21)

17. Caselaw is clear that a county sheriff is an independently elected county officer who is legally separate from a county itself. *Moy v. County of Cook,* 159 Ill.2d 519, 640 N.E.2d 926, 929, 203 Ill.Dec. 776 (1994); *Franklin v. Zaruba,* 150 F.3d 682, 685 (7th Cir.1998); *Ryan v. County of DuPage,* 45 F.3d 1090, 1091 (7th Cir.1995); *Thompson v. Duke,* 882 F.2d 1180, 1187 (7th Cir.1989). It has also been commonly held that suits cannot be maintained against a county for practices, policies and actions of a sheriff because the county has no control over such issues and has no authority to control the office of the sheriff. *Wallace v. Masterson,* 345 F.Supp2d 917, 927 (2004); *Thompson,* 882 F.2d at 1187 *Moy,* 203 Ill.Dec. 776, 640 N.E.2d at 929; *Horstman v. County of DuPage,* 284 F.Supp.2d 1125, 1130 (N.D.Ill.2003); *Ryan v. County of DuPage,* 45 F.3d at 1092.

18. Block's suit arises from allegations of discrimination by the Dekalb County Sheriff's Office during his employment as a deputy sheriff.

19. Accordingly, any suit against the practices of his employer, the Dekalb County Sheriff, cannot be maintained against Dekalb County.

### E. Block's claims are barred by the doctrine of *res judicata.*

20. Block's claims must also fail because they are barred by the doctrine of *res judicata.*

21. Block's claims in the instant action arise from alleged adverse employment action at the hands of the Dekalb County Sheriff, including his termination. As stated in Block's Complaint, Sheriff Scott recommended to the DeKalb County Sheriff's Office Merit Commission that Block be terminated for various rule infractions arising from Block's chronic tardiness to work. According to the Complaint, after a hearing conducted on May 25, 2010, the Merit Commission upheld the Complaint and terminated Block's employment.

22. On June 28, 2010, Block filed a state court administrative review action in DeKalb County as Case No. 2010 MR 102, which is a matter of public record. (See Exhibit 1, attached for the Court's convenience). That action is currently in the briefing stages, Block having already filed his Memorandum of Law, and is scheduled for hearing and final determination on December 9, 2010. (See Exhibit 2, attached for the Court's convenience). Subsequently, Block originally filed this action on July 15, 2010 and then his Amended Complaint on October 15, 2010.

23. Given that the state court action and the present action arise out of the same facts, the instant action must be barred by *res judicata.*

6

24. The basic principles of Illinois *res judicata* law are well-established. Under Illinois law, to constitute *res judicata* a decision must involve "(1) identity of parties or their privies in the two suits; (2) identity of causes of action in the prior and current suit; and (3) a final judgment on the merits in the prior suit." *Schlangen v. Resolution Trust Corp.,* 934 F.2d at 146 (7th Cir. June 10, 1991); *Rockford Mut. Ins. Co. v. Amerisure Ins. Co.,* 925 F.2d 193, 195 (7th Cir. 1991); *Torres* v. Rebarchak, 814 F.2d 1219, 1222 (7th Cir. 1987) However, "the bar of *res judicata* extends not only to questions actually decided, but also to all grounds of recovery and defenses which might have been presented in the prior litigation between the parties." *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1234 (7th Cir. 1986) citing *Lake v. Tomes,* 405 Ill. 295, 90 N.E.2d 774, 777 (Ill. 1950). As a result, "[a] defendant may not relitigate a defense, which was available but not raised in a prior action, by making it the basis of a claim in a subsequent action against the original plaintiff." *Id.* at 1234.

25. The underlying administrative proceeding and decision that serves as the basis for 2010 MR 102 operates as *res judicata* to the case at bar. There is no question that the identity of parties or their privies in the two suits is the same. Block was the respondent in the underlying administrative proceeding (and plaintiff in the state action case) and is the plaintiff in this case. The DeKalb County Sheriff was the

7

complainant in the administrative proceeding, a defendant in the state court action and his office is named as the defendant in this case.

26. There is also an identity of causes of action in the administrative and state court proceedings and the current suit. The Illinois courts have adopted a "transactional" approach for determining whether a previous suit should be given *res judicata* effect. "A court employing a transactional approach will focus not on the type of proof required in each suit but the factual setting in which each suit arises." *Hagee v. City of Evanston*, 729 F.2d 510, 513 (7th Cir. 1984). Thus, if both actions arise out of the same group of operative facts, the doctrine of *res judicata* bars the second suit. *Rockford Mut. Ins. Co.*, 925 F.2d at 197; *Hagee,* 729 F.2d at 513; *Baird & Warner, Inc. v. Addison Indus. Park, Inc.,* 70 Ill.App.3d 59, 64, 26 Ill.Dec. 1, 8, 387 N.E.2d 831, 838 (1979).

27. In the factually similar case of *Pirela v. Village of North Aurora*, 935 F.2d 909 (7th Cir. 1990), the Seventh Circuit Court of Appeals applied the "transactional approach." In *Pirela,* a police officer was terminated for a variety of rule infractions after an administrative hearing. The officer did not raise any discrimination claims at the administrative hearing. Subsequently, the officer filed a state court action for administrative review of the proceedings. While the state court action was pending, the officer filed an EEOC charge against the Village. The officer did not raise any discrimination claims in the state court action.

8

Soon after the officer's termination was affirmed in the administrative review action, he received a right to sue letter in the EEOC action and filed a Title VII and §1981 action in federal district court against the Village. The Village filed a motion to dismiss alleging that the judgment in the state court action served as a bar to the federal action.

28. The 7th Circuit noted that both of Pirela's claims arose out of the same operative facts: Pirela's misconduct and the police department's procedures relating to suspension and termination. The court concluded that since the federal claims and any possible defense that Pirela had in the state proceedings concerned a single scenario, his action was barred by *res judicata*. Similarly, in the case at bar, Block's claims arose out of the same operative facts: Block's misconduct and the DeKalb County Sheriff's Department's procedures relating to handling his discipline and termination. Block was terminated in the administrative proceeding for repeatedly abusing his sick time and for being tardy in reporting for his shifts. In his federal complaint, Block contends that his tardiness and use of sick time was the result of a disability and that his termination was a result of discrimination and retaliation against him for using his sick time. As in *Pirela*, the federal claims and the issues in both the administrative proceeding and the state court proceeding arise out of the same operative facts. Accordingly, the second prong of the *res judicata* test is satisfied in this case.

29. The question then turns to whether the decision in the administrative proceeding can be considered a "final judgment on the merits" to satisfy the third prong of the *res judicata* test. The administrative proceeding was held before the DeKalb County Sheriff's Merit Commission, a statutorily created quasi-judicial entity. (See 55 ILCS 5/3-8001, et. Seq. ) "Quasi-judicial" is the term used to describe boards and agencies that, while not a part of the judiciary, exercise functions of a judicial nature. *Braglia v. McHenry County State's Attorney's Office*, 863 N.E.2d 1150 (2nd Dist. 2007) An administrative agency's quasi-judicial proceedings are designed to adjudicate disputed facts in a particular case. *Walters v. Department of Labor*, 826 N.E.2d 979 (1st Dist. 2005). As statutorily required, at the hearing, the Merit Commission provided Block with an opportunity to be represented by counsel, an opportunity to be heard in his own defense and an opportunity to produce proof in his own defense. 55 ILCS 5/3-8014. At any time during this proceeding, Block could have presented his discrimination arguments or raised his alleged disability as a defense to the charges filed against him. 55 ILCS 5/3-8014. The Commission had subpoena power to secure attendance of witnesses and production of documents and the testimony at the hearing was sworn and recorded by a certified court reporter. 55 ILCS 5/3-8014. After determining that the charges against Block had been established by a

preponderance of evidence, the Commission made a finding of guilt and imposed punishment. (See Exhibit 1)

30. There have been several cases that have addressed whether an administrative decision is considered a "final judgment on the merits" for purposes of *res judicata.* Under federal common law, where a state administrative agency acts in a judicial capacity while resolving disputed fact issues and the parties had an adequate opportunity to litigate, the federal court must give the fact-finding of the state administrative agency the same preclusive effect as would be given in the state courts. *Eddings v. Chicago Board of Education,* 1998 WL 852855 (N.D. Ill. 1998) citing *University of Tennessee v. Elliott*, 478 U.S. 788, 798, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). The *Elliott* Court explained:

> "Where an administrative forum has the essential procedural characteristics of a court...its determinations should be accorded the same finality that is accorded the judgment of a court. The importance of bringing a legal controversy to conclusion is generally no less when the tribunal is an administrative tribunal than when it is a court."
> *Id.* 478 U.S. at 798.

31. Further, under Illinois law, "fact issues finally decided in an administrative proceeding that is judicial in nature precludes litigation of those same fact issues in a subsequent proceeding." *Village of Oak Park v. Ill. Dept. of Employment,* 772 N.E.2d 951, 953 (1st Dist. 2002) Because Illinois courts give agency factual findings preclusive effect, so too must this court. *Elliott*, 478 U.S. at 799. This extends not only to

11

questions actually decided, but also to all grounds of recovery and defenses which might have been presented in the prior litigation between the parties. *Pirela*, 935 F.2d at 911; *Lolling v. Patterson*, 966 F.3d 230, 235 (7th Cir. 1992) The hearing conducted by the DeKalb County Sheriff's Merit Commission had the essential procedural characteristics of a judicial action and its findings should be accorded the judgment of a court.

32. Even if this Court is troubled by finding that the unreviewed Merit Commission's findings are a final judgment on the merits, it cannot be forgotten that these findings are in the process of being reviewed by a state court.

33. Block filed an administrative review action in DeKalb County prior to initiating this action. (See Exhibit 1) Based upon the current briefing schedule in the state case, that case will have a final judgment in early December of 2010. (See Exhibit 2) Accordingly, a final judgment on the merits will also be issued by a state court in the near future. Whether this Court considers the administrative findings as a final judgment on the merits or it chooses to rely on the forthcoming judgment in the state court action, the third prong of the *res judicata* test is met.

34. It can also not be ignored that under Illinois state law, Block could have, and has, joined his ADA and FMLA claims with his state court administrative review action. *Owens v. City of Chicago*, 2009 WL

2778079 (N.D.Ill., 2009) *citing Evans v. Page,* 324 Ill.App.3d 241, 258 Ill.Dec. 24, 755 N.E.2d 105 (5th Dist. 2001).

35. The mere fact that Block did not obtain a right to sue letter as of the time that the state court action was commenced is no bar to the application of *res judicata* here. *Owens v. City of Chicago*, 2009 WL 2778079 (N.D.Ill., 2009) It was recently noted that while "it might seem incongruous" to conclude that a plaintiff could have asserted an ADA claim in a state court suit commenced before the plaintiff had obtained a right to sue letter, that is in fact the current state of the law. *McNeill v. Wayne County,* 2009 WL 799164, at *4 (E.D. Mich., 2009)

36. In *Durgins v. City of East St. Louis*, 272 F.3d 841, 843 (7th Cir. 2001), the Seventh Circuit held that where an employee initiates an administrative review action in state court challenging an administrative agency's termination decision, and the employee fails to raise related §1983 claims in the state court action, claim preclusion bars the employee from bringing his §1983 claims in federal court. Illinois courts apply the "doctrine of merger and bar, precluding sequential pursuit not only of legal theories actually litigated but also of those that could have been litigated in the first action." *Id.* 272 F.3d at 843. The court explained: "Because Illinois (a) permits the joinder of §1983 claims with administrative review actions, and (b) applies the doctrine of merger and bar, we have held that any administrative review action forecloses

any later §1983 action in federal court arising out of the same transaction." *Id.*

37. This analysis can also be applied to the case at bar. Block could have and, now has, joined his ADA claims and his FMLA claim with his state court administrative review action. Since the identical action is now pending in state court and since those claims arise out of the same operative facts, he should be foreclosed from proceeding in the instant action.

38. Accordingly, Block has failed to state a claim upon which relief can be granted and this action must be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

WHEREFORE, for the reasons stated herein, ROGER SCOTT, the SHERIFF OF DEKALB COUNTY, respectfully requests that Counts I, II, III and IV of Plaintiff's Amended Complaint be dismissed and judgment be entered in his favor, and for such other and further relief as this Court deems fit.

    Respectfully submitted,

    ROGER SCOTT, SHERIFF OF
    DEKALB COUNTY

    BY:  /s/ Ericka Thomas
        One of its Attorneys

Ericka J. Thomas, Esq.
John H. Kelly, Esq.
Stephen H. Dinolfo
OTTOSEN BRITZ KELLY COOPER & GILBERT, LTD.
1804 N. Naper Blvd., Ste. 350
Naperville, IL 60563
(630) 682-0085
ARDC No. 6209980