COPY

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
DEKALB COUNTY, ILLINOIS

FILED
JUN 28 2010
Maureen A. Josh
Clerk of the Circuit Court
DeKalb County, Illinois

BRIAN BLOCK, )
 )
      Petitioner, )
 )
-vs- ) Case No. 10MR102
 )
ROGER SCOTT, SHERIFF OF DEKALB )
COUNTY, DEKALB COUNTY SHERIFFS' )
MERIT COMMISSION, GENE LANE, )
CHAIRMAN, BENNETTA STEARNES, )
COMMISSIONER, and TODD WALKER, )
COMMISSIONER, )
 )
      Respondent. )

NOTICE
BY ORDER OF COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE TO BE CONDUCTED AT THE DeKALB COUNTY COURTHOUSE, SYCAMORE, IL IN ACCORDANCE WITH SUPREME COURT RULE 218 BEFORE JUDGE _____ ON ___/___/___ AT _____ AM/PM. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

## COMPLAINT FOR ADMINISTRATIVE REVIEW

NOW COMES the Petitioner, BRIAN BLOCK, by and through his attorney, JOSEPH R. MAZZONE and complains of Respondents, ROGER SCOTT, Sheriff of DeKalb County, DEKALB COUNTY SHERIFF'S MERIT COMMISSION, GENE LANE, CHAIRMAN, BENNETTA STEARNES, COMMISSIONER and TODD WALKER, COMMISSIONER and states as follows:

1.     This is an action brought pursuant to 735 ILCS 5/3-101 *et seq.* of the Illinois Code of Civil Procedure for judicial review of an administrative decision rendered by the DeKalb County Sheriff's Merit Commission and pursuant to 65 ILCS 5/10-2.1-17.

2.     Petitioner, Brian Block, was employed as a Deputy for the DeKalb County Sheriff's Police.

Exhibit A

3. Respondent, the Commission, is a statutorily created administrative agency, created to the Illinois Municipal Code, 65 ILCS 5/10-2.1-1, *et seq.*

4. Respondent, Gene Lane, is the duly elected Chairman of the Commission and is named as a Respondent herein in his official capacity as Chairman of the Commission.

5. Bennetta Stearnes and Todd Walker are members of the Commission and are named as Respondents herein in their official capacity as members of the Commission.

6. Defendant, Roger Scott, is the duly appointed Sheriff of the DeKalb County Sheriff's Police Department.

7. A hearing was held before the Commission and the commission found that the Petitioner should be discharged from his employment as a Deputy and as a member of the DeKalb County Sheriff's Police Department and issued an Order separating Petitioner as an employee with the DeKalb County Sheriff's Police Department. A copy of the Commission's Order terminating the Petitioner is attached hereto and marked as Exhibit "A".

8. The Commission entered its written decision on June 9, 2010.

9. The Commission's June 9, 2010 Findings and Decision is a final administrative decision which terminates the matter before the Commission and is subject to review under the provisions of administrative review, pursuant to 65 ILCS 5/10-2.1-17 of the Illinois Compiled Statutes.

Exhibit A

10. Petitioner seeks review of the Commission's decision in this matter on the basis that:

   a. The Commission's decision is against the manifest weight of the evidence;

   b. The Commissions's decision is arbitrary and capricious;

   c. The Commissions's decision is legally erroneous; and

   d. The Commission has failed to demonstrate cause for discharge.

11. The Commission, as Respondent herein, is requested to file an answer, consisting of the entire record of proceedings held before the Administrative Agency pertaining to entry of said decision of which Petitioner seeks judicial review.

12. Without in any manner restricting the scope of the foregoing, the Petitioner specifically requests that the entire transcript of evidence taken at any hearing held before the Commission, including but not limited to all exhibits and any and all other evidence or documentation considered by the Commission as part of the record of proceedings in this case.

WHEREFORE, Petitioner seeks the following relief:

A. That the Findings and Decision of the Commission be judicially reviewed by this Court;

B. That the Findings and Decision of the Commission in which the Petitioner was separated and discharged from his position as a Deputy and from the services of the DeKalb County Sheriff's Police Department be reversed and set aside in its' entirety;

-3-

Exhibit A

C. That Petitioner, Brian Block, be restored to his position as Deputy with full back-pay, benefits, pre- and post-judgment interest; and

D. For such other and further relief as the Court deems just and appropriate.

Respectfully Submitted,

By: _____
JOSEPH R. MAZZONE

Attorney No. 03124748
JOSEPH R. MAZZONE
Attorney for Petitioner
3033 W. Jefferson Street, Suite 208
Joliet, IL 60435
Phone (815)725-7000
Fax (815)725-7141

Exhibit A

## DEKALB COUNTY SHERIFF'S MERIT COMMISSION

SHERIFF ROGER SCOTT, )
    Complainant )
                                                     )
       v. )
                                                     )
DEPUTY BRIAN BLOCK, )
    Respondent. )

RECEIVED JUN 14 2010 BY:

### FINDINGS AND DECISION

This matter was heard by the Sheriff's Merit Commission of DeKalb County after the filing of written charges against DEPUTY BRIAN BLOCK (hereinafter referred to as "Respondent") by SHERIFF ROGER SCOTT (hereinafter referred to as "Complainant"). The charges alleged the violation of certain General Orders of the DeKalb County Sheriff's Department and the "cause" clause of the Sheriff's Merit System Law, 55 ILCS 5/3-8014. (See Board Ex. #1).

The Merit Commission commenced a public hearing on the charges filed by the Complainant on May 25, 2010 at Sycamore, Illinois. The hearing was held pursuant to written notice and the provisions of the Illinois Open Meetings Act, 5 ILCS 120/1. The Commission hearing heard the testimony of the witnesses and reviewed the documentary evidence provided by both parties, and after due deliberation and consideration, FINDS:

1.     DEPUTY BRIAN BLOCK was at all times mentioned herein a merited deputy of the DeKalb County Sheriff's Department assigned to the Correctional Division.

DEKALB COUNTY SHERIFF COMM / General / Findings and Decision /42064



Exhibit A

2. The Complainant filed charges against the Respondent alleging that Respondent violated certain General Orders of the DeKalb County Sheriff's Department when he reported late for duty to his assigned shift on April 20, 2010 and that he failed to accurately report the actual time that he reported for duty.

3. The Commission has jurisdiction of the subject matter of the charges and of the parties to this matter.

4. All notices necessary to the commencement of this hearing were properly given.

5. Throughout the hearing, both the Complainant and the Respondent appeared in person and were represented by legal counsel of their own choosing.

6. At the outset of the hearing Respondent, through his attorney, stipulated to paragraphs 1, 2, 3, 4, 5, 6A, and 6B(i) of the Complaint; the Respondent did not stipulate to paragraph 6B(ii).

7. These stipulations effectively removed from the Commission the obligation to determine the facts of this matter.

8. The Commission conducted a bifurcated hearing in this matter and, after determining that the Respondent was guilty of a violation of the "cause" clause of the Sheriff's Merit System Law as found in 55 ILCS 5/3-8014, (paragraph 6A of the Complaint) and General Order 10-20 of the DeKalb County Sheriff's Office (paragraph 6B(i) of the Complaint), the Commission considered matters of aggravation and mitigation.

9. The Commission found that a violation of Order 100.601 – Integrity was not proved. While the evidence showed that Respondent arrived at the Sheriff's Department at 0021 hours by his statement, the Sheriff's records showed that he arrived at 0038 hours. The Commission could not find based on the evidence presented, that the Respondent lied about his arrival time.

10. In the aggravation and mitigation portion of the hearing, the Commission heard the testimony of Sheriff Roger Scott and Deputy Brian Block. The Commission also considered Sheriff's Exhibit No. 6, prior evaluations of Deputy Brian Block, Sheriff's Exhibit No. 7, prior disciplinary actions of Deputy Brian Block, Sheriff's Exhibit No. 8, a transcript of a formal interrogation conducted on September 9, 2009 and Respondent's Group Exhibit No. 1, training and commendation records of Deputy Brian Block.

11. The Commission deliberated on the evidence presented in closed session.

12. This Commission, in reaching its decision to impose discipline on the Respondent concludes that Respondent's failure to arrive on time for his duty shift on April 20, 2010, when viewed in the light of his prior disciplinary records, which includes prior discipline for being late for duty and failing to report for an assigned training session, constitutes sufficient cause to warrant the discharge of the Respondent.

## ORDER

IT IS HEREBY ORDERED that the Respondent be discharged from his employment as a Deputy Sheriff of the DeKalb County Sheriff's Department immediately. The Sheriff is hereby directed to implement this Order.

This is a final administrative decision and any action to review it must be commenced by the filing of a complaint and the issuance of summons within thirty-five (35) days from the date that a copy of this Findings and Decision is served upon the party affected by its terms. 735 ILCS 5/3-101 et. seq.

Signed this __9__ day of June, 2010 at Sycamore, Illinois.

_____
Chairman Gene Lane

_____
Commissioner Bennetta Stearnes

_____
Commissioner Todd Walker

Exhibit A

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
DEKALB COUNTY

Brian Block,

    Petitioner,

vs.

Case No. 10MR102

Roger Scott, Sheriff of DeKalb
County, DeKalb County Sheriff's
Merit Commission, et al.,

    Respondent.

## SUMMONS IN ADMINISTRATIVE REVIEW

To the defendant:

    YOU ARE SUMMONED and required to file an answer in this case or otherwise file your appearance in the office of the clerk of this court in ___202___ (Room No.), 133 W. State Street, Sycamore, IL 60178 (Address) (City) Illinois, within 35 days after the date of this summons.

(Seal of Court)

WITNESS, 6/28, 2010

_____
(Clerk of the Circuit Court)

Name     Joseph R. Mazzone
Attorney for     Petitioner
Address     3033 W. Jefferson Street, Suite 208
City     Joliet, IL 60435
Telephone     815-725-7000

---

### CERTIFICATE OF MAILING

On _____, 20____, I sent by registered mail a copy of this summons to each defendant addressed as follows:

| Defendant | Address |
|---|---|
| Roger Scott, Sheriff of DeKalb County | 150 N. Main Street, Sycamore, IL 60178 |
| DeKalb County Sheriff's Merit Commission | 150 N. Main Street, Sycamore, IL 60178 |
| Gene Lane, Chairman/DeKalb Co. Sheriff's Merit Commission | 150 N. Main Street, Sycamore, IL 60178 |
| Bennetta Stearnes, Commissioner/DeKalb Co. Sheriff's Merit Commission | 150 N. Main Street, Sycamore, IL 60178 |
| Todd Walker, Commissioner/DeKalb Co. Sheriff's Merit Commission | 150 N. Main Street, Sycamore, IL 60178 |

Dated _____, 20____

(Seal of court)

_____
(Clerk of the Circuit Court)

MR000001
9/17/07

Exhibit A